HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
SUSAN K. SMITH,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>DELANO RETAIL PARTNERS, LLC,<br><br>Debtor. | Case No.: 11-37711-B-7<br>DC No.: HSM-004<br>Date: January 3, 2012<br>Time: 9:32 a.m.<br>Place: 501 I Street, 6th Flr.<br>Sacramento, CA 95814<br>Dept. B, Courtroom 32<br>Judge: Thomas C. Holman |

### TRUSTEE'S MOTION TO SELL LIQUOR LICENSE
### (VAN NESS AVENUE, SAN FRANCISCO)

SUSAN K. SMITH, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of DELANO RETAIL PARTNERS, LLC ("Debtor"), Case No. 11-37711-B-7, files this Trustee's Motion to Sell Liquor License (Van Ness Avenue, San Francisco) (the "Motion"), and in support thereof represents as follows:

1. This case was filed as a voluntary Chapter 7 case on July 19, 2011. The Trustee was appointed as the Chapter 7 Trustee on July 20, 2011, and has served in that capacity at all times since.

2. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157 and 1334; 11 U.S.C. section 363; Federal Rule of Bankruptcy Procedure 6004; and the reference to this Court by the District Court for the Eastern District of California.

1

K:\Smith, Susan K\DeLano Retail Partners LLC (6635-0017)\Liquor Licenses (hsm003-5)\pldg mtn sale of van ness liquor license (hsm 004).wpd

3. Through her investigation herein, the Trustee has learned that Debtor, pre-petition, took steps to sell a number of liquor licenses previously used in its retail grocery store operations. One such liquor license was an Off-Sale General License, License No. 21-450035 ("Van Ness San Francisco Liquor License"), issued for the premises located at 1245 S. Van Ness Avenue, San Francisco, California 94110.

4. The Debtor entered into an agreement to sell the Van Ness San Francisco Liquor License to Fresh & Easy Neighborhood Market, Inc., a Delaware Corporation ("Buyer" or "Fresh & Easy"), for the sum of $10,000.00 ("Purchase Price").

5. An escrow was established with California Business Escrow, Inc. ("CBE"), in connection with the sale of the Van Ness San Francisco Liquor License. A true and correct copy of the Escrow Instructions documenting the Purchase Price and terms of sale is attached as Exhibit "A" to the Exhibits Cover Sheet filed and served herewith.

6. The Trustee is informed that the Buyer has deposited the sum of $3,000.00 into the CBE escrow in connection with the purchase and sale of the estate's interest in the Van Ness San Francisco Liquor License.

7. The Trustee is informed that the sale of the Van Ness San Francisco Liquor License through escrow has not been concluded. CBE has informed the Trustee that upon entry of the Court's order authorizing the sale, the sale will be consummated through escrow, generating $9,877.90 in net sale proceeds for distribution to the bankruptcy estate, after deduction of $122.10 in escrow fees owed to CBE for this transaction.

8. Based upon the Trustee's experience, and in the exercise of her business judgment, the Trustee has concluded that the Purchase Price to be paid by the Buyer for the estate's interest in the Van Ness San Francisco Liquor License is fair and reasonable. Fundamentally, the estate will receive $9,877.90 for the benefit of the estate and its creditors, without having to incur the expense and delay of marketing its interest in the Van Ness San Francisco Liquor License.

9. Assuming the court grants this Motion, the Trustee requests that CBE be paid/authorized to retain the $122.10 in escrow fees owed to CBE for this transaction.

HEFNER, STARK & MAROIS, LLP
Sacramento, California

10. The sale of the estate's interest in the Van Ness San Francisco Liquor License will be on an "as is," "where is," basis, with no representations or warranties, express or implied, subject to all liens and encumbrances, if any. The Buyer will be responsible for any and all sales, transfer, use or other taxes, and all license, registration, or other fees due or incurred in connection with the proposed sale.

11. The Trustee proposes that any persons or entities wishing to bid on the estate's interest in the Van Ness San Francisco Liquor License be required to first become a qualified overbidder ("Qualified Overbidder") in the manner set forth below, prior to the commencement of the hearing on the Motion. Any person or entity wishing to become a Qualified Overbidder must deliver to the Trustee a non-refundable deposit in the amount of $3,000.00 (the "Overbidder Deposit"), in the form of a cashier's check or money order made payable to "Susan K. Smith, Chapter 7 Trustee of the DeLano Retail Partners, LLC, Bankruptcy Estate," which shall become refundable if such Qualified Overbidder is not the winning bidder for the estate's interest in the Van Ness San Francisco Liquor License, or if the Court denies this Motion. If Fresh & Easy is the high bidder, it shall pay its high bid for the estate's interest in the Van Ness San Francisco Liquor License. In the event that a third party outbids Fresh & Easy for the Van Ness San Francisco Liquor License, the winning bidder shall pay the adjusted purchase price in full by 5:00 p.m. PDT five (5) business days following the conclusion of the hearing on the Motion, or at such other time as the Court may provide, and the proposed sale of the Van Ness San Francisco Liquor License to Fresh & Easy will be cancelled. The third party high bidder(s) must purchase the Van Ness San Francisco Liquor License on the identical terms to those set forth in this Motion, subject to any modifications ordered by the Court. If full payment from the high bidder(s) is not timely received, and Fresh & Easy elects to be approved as a backup buyer, Fresh & Easy shall be obligated to pay its highest bid for the estate's interest in the Van Ness San Francisco Liquor License. If the highest bidder for the estate's interest in the Van Ness San Francisco Liquor License fails to perform according to the above terms, the Trustee will be authorized to accept the next highest bidder, and so forth, who will similarly be required to pay the Trustee by cashier's check,

money order, or wire transfer to the estate's bank account within forty-eight (48) hours of the notification.

12. The Trustee proposes that overbidding occur in increments of $500.00.

13. The overbidding aspect of the Motion is designed to ensure that parties interested in paying more for the estate's interest in the Van Ness San Francisco Liquor License are given an opportunity to do so. Under the circumstances, the Trustee submits that the sale of the estate's interest in the Van Ness San Francisco Liquor License on the terms outlined in this Motion is in the best interests of the estate and its creditors.

14. Finally, so that the proposed sale may be consummated as quickly as possible, and in light of the length of time the sale to the Buyer has been delayed due to the commencement of this bankruptcy case, the Trustee requests that the 14-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure be waived.

**WHEREFORE,** the Trustee, respectfully requests the Court enter an order:

1. authorizing the sale of the estate's interest in the Van Ness San Francisco Liquor License to the Buyer on the terms set forth herein;

2. authorizing the payment of escrow fees owed to CBE in connection with the sale of the estate's interest in the Van Ness San Francisco Liquor License, with the Trustee retaining as funds of the estate all net sale proceeds for subsequent distribution in accordance with the Bankruptcy Code and orders of the Court;

3. providing that the sale of the estate's interest in the Van Ness San Francisco Liquor License is on an "as is," "where is," basis, with no representations or warranties, express or implied, subject to all liens and encumbrances, if any, and that the Buyer will be responsible for any and all sales, transfer, use or other taxes, and all license, registration, or other fees due or incurred in connection with the sale;

4. authorizing the Trustee to take such further actions and execute such documents as are necessary to consummate the proposed sale; and

///

///

5. for such other and further relief as the Court deems necessary and proper.

Dated: December 6, 2011   HEFNER, STARK & MAROIS, LLP

By *Howard S. Nevins*
Howard S. Nevins, Attorneys for
SUSAN K. SMITH, Chapter 7 Trustee